UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAXWELL JOHNSON and EVELYN FOTABONG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>- against –<br><br>HILLMANN CONSULTING, LLC,<br><br>Defendant. | CLASS AND COLLECTIVE ACTION<br><br>Civil Action No. 17-cv-1756<br><br>JURY TRIAL DEMANDED |

Named Plaintiffs Maxwell Johnson and Evelyn Fotabong ("Named Plaintiffs"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by their attorneys, and for their Complaint against Defendant Hillmann Consulting, LLC ("Hillman" or "Defendant"), allege as follows:

## NATURE OF ACTION

1. This action is brought, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law ("NYLL") § 663; 12 New York Codes, Rules and Regulations ("NYCRR") § 142-2.2, to recover unpaid overtime compensation owed to Named Plaintiffs, and all similarly situated persons who are presently or were formerly employed by Defendant.

2. Defendant is in the business of providing environmental consulting and construction risk management.

3. Upon information and belief, from at least March 2011, Defendant maintained a policy and practice of paying premium wages to its employees <u>only</u> for hours worked on the weekend.

4. Defendant did not pay any overtime compensation for hours worked over 40 in a week that week when those hours were worked prior to the weekend.

1

5. Due to this policy and practice, Named Plaintiffs and members of the putative class and collective did not receive overtime compensation at a rate of one and one half times their regular rates of pay for all hours worked over 40 in a week.

6. Named Plaintiffs have commenced this action on behalf of themselves and current and former non-exempt employees of Defendant who worked as project monitors and under other job classifications and titles that were subject to Defendant's policy and practice not to pay overtime compensation for all hours worked over 40 in a week.

7. Defendant's failure to compensate Named Plaintiffs and members of the putative collective at time-and-a-half their regular rates of pay when they worked in excess of 40 hours in a week violated the overtime provisions of Section 7 of the FLSA.

8. Defendant's failure to compensate Named Plaintiffs and members of the putative class at time-and-a-half their regular rates of pay when they worked in excess of 40 hours in a week violated the overtime provisions of the NYLL.

9. Named Plaintiffs bring their FLSA claim as a collective action under 29 U.S.C. § 216(b). Named Plaintiffs' consent forms are attached hereto as Exhibits A and B.

10. Named Plaintiffs bring their NYLL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**JURISDICTION**

11. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

12. The statute of limitations under the FLSA for willful violations is three (3) years. 29 U.S.C. § 255.

13. The statute of limitations under the New York Labor Law is six (6) years. New York Labor Law § 663.

## VENUE

14. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial portion of the events giving rise to this action occurred in the Eastern District of New York.

## THE PARTIES

**Plaintiffs**

*Named Plaintiff Maxwell Johnson*

15. Named Plaintiff Maxwell Johnson is domiciled in Kings County, New York.

16. Named Plaintiff Johnson was employed by Defendant from approximately December 2014 through January 2017.

17. During his employment with Defendant, Named Plaintiff worked as a project monitor.

18. Named Plaintiff performed the majority of her work in the State of New York.

19. Named Plaintiff regularly worked more than 40 hours per week while working for Defendants.

20. Named Plaintiff normally worked 9 to 10 hours per day 5 to 6 days per week.

21. There were many times that Named Plaintiff worked in excess of 12 hours in a day.

22. During his employment with Defendant, Named Plaintiff was paid $21.50 to $21.82 per hour.

23. If Named Plaintiff worked more than 40 hours in a week between Monday and Friday, Named Plaintiff only received his regular rate of pay.

24. Named Plaintiff's paystubs reflect Named Plaintiff working more than 40 hours in a week, but only receiving his regular rate of pay for each hour worked.

25. Named Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

*Named Plaintiff Evelyn Fotabong*

26. Named Plaintiff Evelyn Fotabong is domiciled in Bronx County, New York.

27. Named Plaintiff was employed by Defendant from approximately 2012 through April 2016.

28. During her employment with Defendant, Named Plaintiff worked as a project monitor.

29. Named Plaintiff performed the majority of her work in the State of New York.

30. Named Plaintiff regularly worked more than 40 hours per week while working for Defendant.

31. Named Plaintiff normally worked 9 to 10 hours per day, 5 days per week.

32. There were many days when she worked in excess of 12 hours in a day.

33. During her employment with Defendant, Named Plaintiff was paid approximately $23.00 per hour.

34. If Named Plaintiff worked more than 40 hours in a week between Monday and Friday, Named Plaintiff only received his regular rate of pay.

35. Named Plaintiff's paystubs reflect Named Plaintiff working more than 40 hours in a week, but only receiving his regular rate of pay for each hour worked.

36. Named Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

**Defendant**

*Hillmann Consulting, LLC*

37. Defendant Hillmann Consulting, LLC is a New Jersey corporation registered to do business within the State of New York with its principal place of business 1600 Route 22 East, Union, NJ 07083. New York Department of State Records identify National Corporate Research, Ltd., 10 East 40th Street, 10th Floor, New York, NY 10016 as Hillman's registered agent for service of process.

38. Throughout the relevant period, Hillmann employed Named Plaintiffs and similarly situated employees within the meaning of the FLSA and New York Labor Law.

39. Hillmann has had substantial control over Plaintiffs' working conditions and the policies and practices alleged herein.

40. At all relevant times, Hillmann maintained control, oversight and direction over Named Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

41. At all relevant times, ECL's annual gross volume of sales made or business done was not less than $500,000.

## FLSA COLLECTIVE ACTION ALLEGATIONS

42. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

43. This action is brought on behalf of Named Plaintiffs and all similarly situated persons who work or have worked for Defendant since March 28, 2014 as project monitors or under any non-exempt job classification subject to Defendant's practice of not paying overtime compensation for all hours worked over 40 in a week ("FLSA Collective").

44. Defendant assigned and/or are aware of all the work that Named Plaintiffs and members of the FLSA Collective performed.

45. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Named Plaintiffs and the FLSA collective. This pattern, practice, and/or policy includes, but is not limited to, willfully failing to pay Named Plaintiffs and the members of the FLSA Collective overtime compensation for all the hours they worked in excess of 40 hours in a given week.

46. Defendant is aware or should have been aware that federal law requires and required Defendant to pay employees performing non-exempt duties, including Named Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 hours per week.

## NEW YORK CLASS ACTION ALLEGATIONS

47. Named Plaintiffs bring their cause of actions under the NYLL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all individuals who work or worked in New York for Defendant since March 28, 2011 to through the date of judgment as project monitors or under any non-exempt job classification subject to Defendant's practice of not paying overtime compensation for all hours worked over 40 in a week (the "New York Class").

48. Excluded from the New York Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

49. The New York Class is so numerous that joinder of all members is impracticable.

50. Upon information and belief, the size of the New York Class is believed to be in excess of 40 individuals.

51. The questions of law and fact common to the New York Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendant violated the NYLL and (2) whether Defendant failed to compensate Named Plaintiffs and the New York Class for hours worked in excess of 40 hours per week.

52. The claims of Named Plaintiffs are typical of the claims of the New York Class they seeks to represent.

53. Like the New York Class, Named Plaintiffs were subject to Defendant's policy and pattern or practice of failing to pay overtime compensation for all hours worked in excess of 40 hours in a week.

54. Named Plaintiffs and the New York Class are entitled to the same statutory protections under the NYLL, including payment of overtime compensation for all hours worked in excess of 40 hours in a week. Named Plaintiffs and the New York Class have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

55. Named Plaintiffs will fairly and adequately represent and protect the interests of the New York Class. Named Plaintiffs understand that, as a class representative, they assume a responsibility to the New York Class to represent its interests fairly and adequately. Named Plaintiffs recognize that, as class representatives, they must represent and consider the interests of the New York Class just as they would represent their own interests. Named Plaintiffs understand that, in making decisions regarding the conduct of the litigation and its possible

settlement, they must not favor their own interests over the interests of the New York Class. Named Plaintiffs recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interest of the New York Class.

56. Named Plaintiffs have retained counsel competent and experienced in complex class action and employment litigation. There is no conflict between the Named Plaintiffs, counsel, and the New York Class.

57. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. A class action will prevent costly duplicative litigation of the same exact claim and avoid inconsistent judgments pertaining to Defendant's policies. Although the relative damages suffered by individual New York Class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this action.

## COMMON FACTUAL ALLEGATIONS

58. Named Plaintiffs, members of the FLSA Collective, and the New York Class (collectively "Class Members") worked for Defendant as project monitors or under other job classifications that were also subject to Defendant's policy and practice of not paying overtime compensation for all hours worked over 40 in a week.

59. Throughout their employment with Defendant, Named Plaintiffs and the Class Members worked more than 40 hours per week.

60. Defendant is aware that Named Plaintiffs and the Class Members worked more than 40 hours per workweek, yet Defendant failed to pay them all overtime compensation earned at a rate of one and one-half times their regular rates of pay.

**FIRST CAUSE OF ACTION
AGAINST DEFENDANT --
FLSA OVERTIME COMPENSATION**

61. Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

62. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

63. At all relevant times, Named Plaintiffs and other similarly situated current and former FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64. The overtime provisions set forth in §§ 201, *et seq.* of the FLSA apply to Defendant.

65. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66. At all relevant times, Named Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

67. Defendant failed to pay Named Plaintiffs and the other similarly situated current and former FLSA Collective members the overtime wages to which they were entitled under the FLSA.

68. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Named Plaintiffs and the other similarly FLSA Collective members.

69. Because Defendant's violations of the FLSA have been willful, a three-year

statute of limitations applies, pursuant to 29 U.S.C. § 255.

70. As a result of Defendant's willful violations of the FLSA, Named Plaintiffs and the other similarly situated current and former FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

71. As a result of Defendant's unlawful acts, Named Plaintiffs and the other similarly situated FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, plus interest, liquidated damages, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION
AGAINST DEFENDANTS --
<u>NEW YORK OVERTIME COMPENSATION</u>**

72. Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

73. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

74. Named Plaintiffs and the New York Class have been employees within the meaning of NYLL.

75. Defendant has engaged in a widespread pattern and practice of violating the NYLL, as described in this Complaint.

76. Defendant violated the NYLL, in relevant part, by failing to pay Named Plaintiffs and the New York Class overtime wages as required by the NYLL and NYCRR.

77. Defendant failed to pay Named Plaintiffs and the New York Class overtime compensation for hours worked over 40 in a workweek.

78. Defendant's violations of the NYLL have been willful and intentional.

79. Due to Defendant's violations of the NYLL, Named Plaintiff and the New York Class are entitled to recover from Defendant their unpaid overtime compensation in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, costs and other damages recoverable under the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs and the Class Members seek the following relief:

A. That, at the earliest possible time, Named Plaintiffs be allowed to give notice of this Collective Action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit, among other things;

B. Unpaid overtime compensation plus liquidated damages pursuant to the FLSA and supporting United States Department of Labor Regulations;

C. Certification of the NYLL claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of the Named Plaintiffs as Class Representative of the New York Class and counsel of record as Class Counsel;

E. Unpaid overtime compensation, liquidated damages, interest and other damages and penalties permitted under the NYLL;

F. Pre-Judgment interest and post-judgment interest as provided by law;

G. Reasonable incentive awards for the Named Plaintiffs for the time and effort he has spent and will spend protecting the interest of the Class Members;

H. Attorneys' fees and costs of the action; and

I. Such other injunctive or equitable relief as this Court shall deem just and

proper.

## JURY DEMAND

Named Plaintiffs, for themselves and on behalf of all Class Members, demands a trial by jury on all issues so triable.

Dated: March 29, 2017
       New York, NY

                      Respectfully Submitted,

                      */s/Lloyd Ambinder*
                      **VIRGINIA & AMBINDER, LLP**
                      Lloyd R. Ambinder
                      Jack L. Newhouse
                      40 Broad Street, 7th Floor
                      New York, New York 10004
                      Telephone: (212) 943-9080
                      Facsimile: (212) 943-9082

                      *Attorneys for Named Plaintiffs and Putative*
                      *Collective and Class Members*