

The Setai building  
40 Broad Street, 7th Floor  
New York, New York 10004  
Telephone: (212) 943-9080  

**Jack L. Newhouse Esq.**  
jnewhouse@vandallp.com

August 31, 2017

**<u>VIA ECF</u>**
Hon. Steven Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Johnson et al v. Hillmann Consulting, LLC et al.,*
      Docket No. 17-cv-1756 (RRM)(SMG)

Dear Judge Gold:

  This firm is counsel to Plaintiffs in the above-referenced wage and hour action.

  The Parties submit this joint letter motion for approval of the Parties' negotiated settlement agreement, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (holding that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."). This proposed settlement shall not be deemed as an admission by Defendant of any wrongdoing alleged by Plaintiffs. In *Cheeks,* the Court recognized that requiring the approval of the district court is consistent with the purposes of the FLSA, including its primary remedial purpose of "prevent[ing] abuses by unscrupulous employers, and remedy[ing] the disparate bargaining power between employers and employees." *Id*. at *20. As set forth in further detail below, and in accordance with *Wolinksy v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), the Parties are in agreement that this settlement is fair and reasonable, consistent with the underlying purposes of the FLSA, and is the product of equal bargaining.

  In assessing the fairness of a settlement, courts consider the totality of circumstances including but not limited to several factors such as: (1) the range of possible recovery; (2) the extent to which "the settlement will enable the Parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the Parties; (4) whether the settlement agreement "is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinksy*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010)). Based on an analysis of these factors, the Parties in the extant action are confident that the negotiation process was conducted at arm's length and should pass this Court's scrutiny.

**Procedural Background**

This action was commenced on March 29, 2017 to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"). Plaintiffs alleged that they worked for Defendants as project monitors, which included conducting inspections of hazardous materials, such as asbestos and mold, on commercial and residential properties.

The Parties appeared for an Initial Conference on June 16, 2017 before Your Honor. On July 14, 2017, Your Honor held a telephone conference with the Parties to discuss whether the Parties would settle prior to Plaintiffs seeking leave to proceed as a collective action pursuant to 29 U.S.C. §216(b). On August 11, 2017, the Parties informed the Court that after engaging in substantial negotiations, the Parties had reached an agreement in principle to resolve the matter.

**The Parties' Settlement Is Fair and Reasonable**

Defendant has agreed to pay Plaintiff the total gross sum of $29,875.26, inclusive of attorneys' fees. [*See* Exhibit 1, the Executed Settlement Agreement]. Although Defendant denies all wrongdoing, this settlement sum contemplates recovery of the *entire* amount of the unpaid wages and liquidated damages purportedly owed to the Plaintiffs. Plaintiff Johnson will receive a total of $7,975.26 and Plaintiff Fotabong will receive a total of $8,900.00. The Agreement will be filed publicly with the Court as an exhibit to this motion, and does not contain a confidentiality provision.

In light of Plaintiffs' full recovery, final approval of the settlement reached in this case is warranted. Plaintiffs' Counsel believes that this settlement is a fair result, and should thus be approved. *See e.g. Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3, 11 Civ. 465 (KBF) (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (internal citations omitted). Most importantly, Plaintiffs are satisfied with the settlement amount, and voluntarily and willingly entered into the settlement agreement.

**The Settlement Negotiations Occurred at Arm's Length**

To effectuate this settlement, Parties' Counsel engaged in arms-length negotiations. Defendant produced Plaintiffs' time and pay records and after reviewing the documents, Plaintiffs produced damage calculations to Defendant. Taking into account both sides' arguments, the Parties came to the mutually agreed upon number of $29,875.26, to be paid in one installment only ten business days after Court approval of the Settlement Agreement. Both sides were represented by experienced counsel who practice in the area of employment litigation, and particularly wage and hour litigation. This was a true arm's length negotiation among experienced attorneys that led to a fair and reasonable settlement

Plaintiffs have been counseled on this settlement and are satisfied with the results obtained.

## Attorneys' Fees and Costs

Plaintiffs' counsel seeks approval of $13,000.00 in attorneys' fees and costs expended on behalf of the Plaintiffs. Plaintiffs' counsel maintains contemporaneous time records reflecting the tasks performed and the time it took to perform those tasks. Based on these time records, Plaintiffs' counsel has devoted 118.85 hours in representing Plaintiffs for a total of $21,075.25 in fees, plus $513.39 in costs associated with filing the Complaint, service of process, and legal research. The work conducted by Plaintiffs' counsel in this action includes, but is not limited to: (1) due diligence on Plaintiffs' claims, (2) meetings and correspondence with Plaintiffs; (3) drafting and filing the complaint; (4) attending the Initial Conference; (5) preparing Rule 26 disclosures and damage calculations; (6) reviewing pay and time records produced for settlement purposes; (7) negotiating a settlement; and (8) reviewing and revising the settlement agreement, including the present motion for settlement approval.

The lodestar cross-check, which compares the requested fee to the time and labor expended by counsel, weighs in favor of approving the requested fee in this matter. Here, Plaintiff's counsel's fees are .61 times its lodestar. This is entirely reasonable considering courts within the Second Circuit have awarded multipliers in excess of a counsel's lodestar. *See, e.g., In re Hi–Crush Partners L.P. Sec. Litig.,* 2014 WL 7323417, at *18 (S.D.N.Y. 2014) (multiplier of 1.41); *In re Visa Check/Master money Antitrust Litig.,* 297 F.Supp.2d 503, 524 (E.D.N.Y. 2003) (multiplier of 3.5); *In re Citigroup Inc. Sec. Litig.,* 965 F.Supp.2d. 369, 401 (S.D.N.Y. 2013) (multiplier of 2.8).

V&A has substantial experience prosecuting wage and hour actions, and has represented thousands of workers to recover unpaid wages. Many of the wage and hour cases litigated by V&A have resulted in seminal decisions that are routinely cited by courts throughout the country.[1] Indeed, numerous courts have commented on V&A's vast experience as employment litigators, and efficient representation.[2]

Finally, public policy also weighs in favor of approving the offered attorneys' fees. The purpose of shifting attorneys' fees to a defendant-employer is to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel. But for the separate provision of legal fees, many violations of

---

[1] *See Guzman v. VLM, Inc.*, 2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. October 11, 2007) and 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2, 2008); s*ee also Cox v. Nap Construction Company, Inc.*, Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) (Cahn, J.), *aff'd*, 10 N.Y.3d 592 (2008); *De La Cruz v. Caddell Dry Dock & Repair Co., Inc.*, 21 N.Y.3d 530 (2013).

[2] *See e.g., Dabrowski v. Abax Inc.*, 84 A.D.3d 633, 634, 923 N.Y.S.2d 505 (N.Y. App. Div. 2011); *Morris v. Alle Processing Corp.*, 2013 U.S. Dist. LEXIS 64534, 34-35 (E.D.N.Y. May 6, 2013); *Garcia v. Exec. Club LLC*, 2012 U.S. Dist. LEXIS 189823 (S.D.N.Y. May 10, 2012); *Montenegro v. Gita Properties, LLC*, Docket No.12-CV-01669 (BMC)(E.D.N.Y. Sept. 9, 2012).

the Fair Labor Standards Act would continue unabated and uncorrected." *Sand v Greenberg*, 2010 US Dist LEXIS 1120, at *9 (S.D.N.Y. 2010).

## Conclusion

In light of the foregoing, it is respectfully requested that this Court 1) grant this motion for final approval of this FLSA Settlement, 2) retain jurisdiction for the purposes of enforcing the Settlement Agreement, and 3) grant any other further relief as this Court sees fit.

Respectfully Submitted,


/s/ Jack L. Newhouse, Esq.

*Attorney for Plaintiffs*


4845-5382-4078, v. 1