**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MAXWELL JOHNSON and EVELYN FOTABONG, on behalf of themselves and all others similarly situated,

                Plaintiffs,

-against-

HILLMANN CONSULTING, LLC,

                Defendant.

No. 17-cv-1756 (RRM) (SMG)

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

WHEREAS, Hillmann Consulting, LLC ("Defendant") and Plaintiffs Maxwell Johnson and Evelyn Fotabong, their heirs, executors, administrators, successors, and assigns (collectively, "Plaintiffs") (Plaintiffs and Defendants together, the "Parties"), agree to the material terms of this Settlement Agreement and General Release ("Agreement") in an effort to resolve Plaintiffs' claims against Defendants in the pending action: *Johnson, et al. v. Hillmann Consulting, LLC*, No. 17-cv-1756 (RRM) (SMG) (the "lawsuit");

WHEREAS, the Parties understand and agree that Defendant denies each and every allegation of wrongdoing set forth by Plaintiffs in the lawsuit;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendant of guilt or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

WHEREAS, Plaintiffs desire, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Defendant;

WHEREAS, Defendant desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Plaintiffs; and

WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Plaintiffs and Defendant by their respective attorneys;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1. **Consideration**. In consideration for Plaintiffs signing this Agreement and complying with its terms, Defendants agree to pay to Plaintiffs the total sum of Twenty-Nine Thousand Eight Hundred Seventy-Five Dollars and Twenty-Six Cents ($29,875.26). This sum will be paid as follows:

   a. A check made payable to "Maxwell Johnson" in the amount of Three Thousand Nine Hundred Eighty-Seven Dollars and Sixty-Three Cents ($3,987.63), less legal deductions. An IRS Form W-2 will be issued to Plaintiff Johnson with respect to this amount after the end of the calendar year in which this check is paid;

   b. A check made payable to "Maxwell Johnson" in the amount of Three Thousand Nine Hundred Eighty-Seven Dollars and Sixty-Three Cents ($3,987.63) in full satisfaction of all claims Plaintiff Johnson may have for liquidated damages and/or statutory penalties. An IRS Form 1099 will be issued to Plaintiff Johnson with respect to this amount after the end of the calendar year in which this check is paid;

   c. A check made payable to "Evelyn Fotabong" in the amount of Four Thousand Four Hundred Fifty Dollars ($4,450.00), less legal deductions. An IRS Form W-2 will be issued to Plaintiff Fotabong with respect to this amount after the end of the calendar year in which this check is paid;

   d. A check made payable to "Evelyn Fotabong" in the amount of Four Thousand Four Hundred Fifty Dollars ($4,450.00) in full satisfaction of all claims Plaintiff Fotabong may have for liquidated damages and/or statutory penalties. An IRS Form 1099 will be issued to Plaintiff Fotabong with respect to this amount after the end of the calendar year in which this check is paid;

   e. A check made payable to "Virginia & Ambinder, LLP" in the amount of Thirteen Thousand Dollars ($13,000.00). An IRS Form 1099 will be issued to Virginia & Ambinder, LLP with respect to this amount after the end of the calendar year in which this check is paid. Moreover, an IRS Form 1099 will be issued to Plaintiffs with respect to this amount after the end of the calendar year in which this check is paid. The taxpayer identification number for Virginia & Ambinder, LLP is 13-4166736.

   f. Payment of these sums will be made within ten (10) business days after the satisfaction of each of the following conditions: (i) Defendant receives an original copy of this Agreement executed by Plaintiffs; and (ii) the Court So Orders the Stipulation of Dismissal with Prejudice, which is appended hereto as Exhibit A.

        g.      Plaintiffs agree and acknowledge that Defendant and its counsel have not made any representations to them regarding the tax consequences of any payments or amounts received by her pursuant to this Agreement. Plaintiffs agree to indemnify Defendant against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. However, if the IRS determines that any monies paid to Plaintiffs should have been paid pursuant to a W-2, Defendant will pay its share of any FICA payment that would have been due and owing.

2.      **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the monies specified in paragraph "1" above, except for Plaintiffs' execution, and Plaintiff Fotabong's non-revocation, of this Agreement and the fulfillment of the promises contained herein.

3.      **Release of Claims.** Plaintiffs knowingly and voluntarily release and forever discharge, to the full extent permitted by law, Defendant, as well as Defendant's owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, insurers, reinsurers, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them ("Releasees"), from any wage and hour claims and any other claims which they have or may have against Releasees relating to Plaintiffs' employment with Defendant or the separation of Plaintiffs' employment with Defendant, including, but not limited to, any alleged violation of the FLSA, NYLL, New York Minimum Wage Orders, any other claim for unpaid wages or overtime or retaliation for reporting alleged unpaid wages or overtime, including attorneys' fees and costs or any claim asserting unlawful discrimination brought under federal, state or local laws, whether known or unknown, asserted or unasserted, based upon any conduct occurring up to and including the date of Plaintiffs' execution of this Agreement. Plaintiff Fotabong understands that she is releasing claims under the Age Discrimination in Employment Act.

4.      **Mutual Non-Publicity.** The Parties agree that they will not in any manner publicize the terms of this Agreement, which includes notifying any member of the media regarding the terms and conditions of the settlement or posting or disseminating the terms and conditions of the settlement on any social media (including Facebook, Law 360 or similar media outlets). This provision, however, shall not serve as a bar to Plaintiffs from making truthful statements to any source about their experience litigating the lawsuit.

5.      **Mutual Non-Disparagement.** Plaintiffs agree that they shall not disparage Defendant, its affiliates, principles, management, employees, products or services in any manner, forum or form, whether electronic or otherwise. Defendant agrees that, pursuant to its standard policies and procedures, upon request, it shall provide a neutral recommendation for Plaintiffs that confirms Plaintiffs' dates of employment, job title, and their rate of pay at the time of their separation of employment. As used in this paragraph, the term "disparage" includes, without limitation, comments or statements to the press or any individual or entity which could adversely affect the conduct of the Defendant's business or the reputation or interests of either party, as well as any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which could adversely affect the

conduct of Defendant's business or the reputations or interests of either party, including Defendant's affiliates, principles, management, employees, products or services. Notwithstanding the foregoing, nothing in this mutual non-disparagement clause shall prohibit Plaintiffs from making truthful statements about their experience litigating the lawsuit.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

10. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

**PLAINTIFF JOHNSON IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.**

**PLAINTIFF JOHNSON FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW BY HIS ATTORNEYS, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS SET FORTH IN PARAGRAPH 3 ABOVE THAT PLAINTIFF JOHNSON HAS OR MIGHT HAVE AGAINST RELEASEES.**

**PLAINTIFF FOTABONG IS ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. PLAINTIFF FOTABONG ALSO IS ADVISED TO CONSULT WITH HER ATTORNEY PRIOR TO HER SIGNING OF THIS AGREEMENT.**

**PLAINTIFF FOTABONG MAY REVOKE HER ACCEPTANCE OF THIS AGREEMENT**

FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY SHE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO ELISA TADDEO AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO ELISA TADDEO OR HER DESIGNEE, OR MAILED TO ELISA TADDEO, 1600 ROUTE 22 EAST, UNION, NEW JERSEY 07083, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFF FOTABONG SIGNS THIS AGREEMENT.

PLAINTIFF FOTABONG AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

PLAINTIFF FOTABONG FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS SET FORTH IN PARAGRAPH 3 ABOVE THAT PLAINTIFF FOTABONG HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

MAXWELL JOHNSON

By:_____
    Maxwell Johnson


Date:_____


EVELYN FOTABONG

By:_____
    Evelyn Fotabong

Date:_____


HILLMANN CONSULTING, LLC

By: _[signature]_ Managing Partner

Date: 8/31/17

FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY SHE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO ELISA TADDEO AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO ELISA TADDEO OR HER DESIGNEE, OR MAILED TO ELISA TADDEO, 1600 ROUTE 22 EAST, UNION, NEW JERSEY 07083, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFF FOTABONG SIGNS THIS AGREEMENT.

PLAINTIFF FOTABONG AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

PLAINTIFF FOTABONG FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS SET FORTH IN PARAGRAPH 3 ABOVE THAT PLAINTIFF FOTABONG HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

MAXWELL JOHNSON

By:_____
     Maxwell Johnson


Date:_____


EVELYN FOTABONG

By: _*[signature]*_____
     Evelyn Fotabong

Date: 08/30/17


HILLMANN CONSULTING, LLC

By:_____


Date:_____

5

**FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY SHE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO ELISA TADDEO AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO ELISA TADDEO OR HER DESIGNEE, OR MAILED TO ELISA TADDEO, 1600 ROUTE 22 EAST, UNION, NEW JERSEY 07083, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFF FOTABONG SIGNS THIS AGREEMENT.**

**PLAINTIFF FOTABONG AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**PLAINTIFF FOTABONG FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS SET FORTH IN PARAGRAPH 3 ABOVE THAT PLAINTIFF FOTABONG HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

MAXWELL JOHNSON

By: ___[signature]___
    Maxwell Johnson

Date: __08/30/17__

EVELYN FOTABONG

By: _____
    Evelyn Fotabong

Date: _____

HILLMANN CONSULTING, LLC

By: _____

Date: _____

5